UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VAN PRINCE WELCH, #215755,

    Petitioner,

v.                                                           ACTION NO.
                                                           2:08cv320

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

**A. Background**

Petitioner Van Prince Welch ("Welch") is currently serving a combined sentence of 20 years, 18 months and 30 days for assault and battery of a police officer, making a false report to a police officer, failure to appear, statutory burglary, attempted petit larceny, failure to ID, grand larceny, and unlawful wounding.

Welch was released on mandatory parole on April 28, 1997, but was subsequently arrested on August 26, 1997 for a parole violation. On November 6, 1998, the Virginia Parole

Board conducted a parole revocation hearing and revoked Welch's parole on November 18, 1998, pursuant to Virginia Code § 53.1-159. The Virginia Parole Board reincarcerated Welch for the unserved portion of the original term of imprisonment, which included the reinstatement of time previously credited for good conduct.

Welch filed a habeas petition in the Supreme Court of Virginia on February 27, 2003, which was dismissed on January 8, 2004. Welch then filed a petition for writ of habeas corpus in this Court, on July 15, 2004. Welch v. Johnson, Action No. 2:04cv423 (E.D. Va 2004). The petition alleged the improper revocation of time previously credited for good conduct. On November 29, 2004, this Court dismissed the petition as barred by the statute of limitations.

On June 20, 2007, Welch filed another petition in the Circuit Court of Suffolk, Virginia, which was denied. Welch appealed to the Supreme Court of Virginia on September 5, 2007, but the petition for appeal was denied on May 7, 2008.

Welch, presently in the custody of the Virginia Department of Corrections at the Sussex II State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 9, 2008. On September 24, 2008, Respondent filed a Motion to Dismiss with a brief in support. Welch filed an Opposition to Motion to Dismiss on October 3, 2008. Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Welch asserts that he is entitled to relief under 28 U.S.C. § 2254, because:

> the Virginia Parole Board improperly revoked previously credited time for good conduct in the amount of 2 years, 4 months and 28 days.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Welch's latest petition for habeas relief is barred as a successive petition under 28 U.S.C. §2244(b)(1). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(b)(1) provides, in relevant part:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Welch filed a habeas petition in this Court on July 15, 2004, which asserted the same claim as the present petition--the improper revocation of time previously credited for good conduct. Thus, the present petition constitutes a "second or successive habeas corpus application" and requires dismissal.

Welch argues that because his 2004 petition was dismissed pursuant to the statute of limitations, "the claim was not ruled on upon the merit[s]" (Pet.'s Br. at 6), and under U.S. Supreme Court precedent, cannot be considered a second or successive petition. In Stewart v. Martinez-Villareal, cited by Welch, the relevant claim in the first habeas petition had been dismissed as premature. 523 U.S. 637 (1998). After the same claim was later raised in a subsequent habeas petition, the U.S. Supreme Court held that the new petition was not a second or successive application, because "the habeas petitioner [did] not receive an adjudication of his claim" in the first petition. Id. at 645. Two years later, the Supreme Court applied the same reasoning to a similar case, holding:

> A habeas petition filed in the district court after an initial habeas petition was *unadjudicated on the merits* and dismissed for failure to exhaust state remedies is not a second or successive petition.

Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)(emphasis added). In both cases, the first

3

petition did not render the subsequent petition "second or successive," because the district court did not adjudicate the first petition on the merits. In the present case, however, Welch's first petition--the 2004 petition dismissed under the statute of limitations--was adjudicated on the merits. See United States v. Oppenheimer, 242 U.S. 85, 87 (1916)(Justice Holmes states, "A plea of the statute of limitations is a plea to the merits . . . ."); Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir. 1989)("The plain language of the Rule [Rule 41(b) of the Federal Rules of Civil Procedure] indicates that the dismissal of plaintiffs' Pennsylvania action on statute of limitations grounds is an adjudication on the merits."). Thus, Welch's present petition is a "second or successive habeas corpus application" and should be dismissed.[1]

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss be GRANTED, and Welch's Petition for Writ of Habeas Corpus be DENIED.

---

[1] Although Respondent did not assert the statute of limitations as an independent ground for dismissal, Welch's petition is clearly time barred. The 2004 petition was dismissed as a violation of the statute of limitations. Thus, the current petition, based on the same issues and facts, is also barred under the statute of limitations.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

March 4, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Van Prince Welch, #215755
Sussex II State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891-2222


Richard C. Vorhis, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

March 4, 2009